

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0130-10

**ANDREW WOODARD, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTEENTH COURT OF APPEALS
### BRAZORIA COUNTY

COCHRAN, J., filed a concurring opinion in which PRICE and WOMACK, JJ., joined.

### O P I N I O N

"Curiouser and curiouser."

I agree with the majority that, had appellant simply failed to object to the inclusion of

the unrelated lesser offense of conspiracy to commit aggravated robbery in the jury charge

when he had been charged with murder,[1] he would prevail under *Almanza*'s[2] "egregious

harm" standard.  It violates any notion of due process to convict a person charged with an

intentional murder of a totally different offense, such as conspiracy to commit aggravated

robbery.[3]

On the other hand, I also agree with the majority that the defense was clearly complicit

in having the conspiracy charges submitted to the jury.   This strange mixture of murder

apples and conspiracy-to-commit-aggravated-robbery oranges was not the result of a simple

mistake or oversight.[4]

As the majority notes, the trial judge told the prosecutor that the defense attorney was

"prepared to stay here tonight until we get the charge ready."  The prosecutor said that he was

---

[1] Appellant was charged with both intentionally and knowingly causing Mr. Ha's death and with intentionally causing serious bodily injury and committing an act clearly dangerous to human life that caused Mr. Ha's death.  TEX. PENAL CODE § 19.02(b)(1) & (2).

[2] *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1984) (op. on reh'g).

[3] *Id.* at 173 ("[I]t is clear that due process would be violated *per se* by convicting a person for murder when he has been indicted for a totally different offense such as robbery").

[4] *See id.* at 177 (Onion, P.J., concurring and dissenting).  Presiding Judge Onion lamented,
> Too frequently the [jury charge] "error" was due to mistake, oversight and plain sloppiness in the preparation of the charge.  It appears that trial judges are allowing court reporters and others to draft the charges, and attempts are made to follow pattern jury instruction forms and old charges without striking inapplicable portions or trying to tailor the form to the allegations in the indictment in the case.  There are often few or no objections to these charges, and trial judges are apparently reading the charge to the jury without observing the obvious mistakes therein.

*Id.*  Unfortunately, times have not changed much since 1984, nor have mistakes in jury instructions diminished significantly.

going to give the judge and defense a "rough draft" and "we're going to work through that."

The trial judge agreed and stated, "We'll just commit to get that done before we go home

tonight."  The record does not reflect whether this charge conference was simply between

the defense and prosecutor or whether it included the judge as well.  If the latter, the defense

counsel could have requested that the charge conference proceedings be on the record, but

he did not.  We are left to speculate about whose idea it was to include the unrelated

conspiracy-to-commit-robbery and aggravated-robbery charges.

But what is clear is that the defense attorney was very much aware of the addition of

those unrelated charges.  Not only did he not object to including them, he helpfully provided

additional language concerning them.  By the time the parties were back on the record the

following morning, the final charge had been drafted, and the prosecutor objected to certain

language added by the defense.  That language, added after the application paragraphs for

conspiracy to commit aggravated robbery and conspiracy to commit robbery, was as follows:

> If you find from the evidence beyond a reasonable doubt that the Defendant is either guilty of MURDER or CONSPIRACY TO COMMIT AGGRAVATED ROBBERY, under the instructions herein given you, but you have a reasonable doubt as to which of said offenses he is guilty, then you should resolve the doubt in the Defendant's favor and find him guilty of the lesser offense of CONSPIRACY TO COMMIT AGGRAVATED ROBBERY.
> . . .
>
> If you find from the evidence beyond a reasonable doubt that the Defendant is either guilty of CONSPIRACY TO COMMIT AGGRAVATED ROBBERY or CONSPIRACY TO COMMIT ROBBERY, under the instructions herein given you, but you have a reasonable doubt as to which of said offenses he is guilty, then you should resolve the doubt in the Defendant's favor and find him guilty of the lesser offense of CONSPIRACY TO COMMIT ROBBERY.

After the trial judge overruled the State's objection to this language, the defense said that it had no objections to the charge.  Under these particular circumstances, one may reasonably infer that the defense attorney, if he did not originally suggest the inclusion of the lesser offenses, at least was fully supportive of their submission and actively assisted in adding language to them.   The inclusion of these unrelated lesser offenses was not the result of "mistake, oversight [or] plain sloppiness" as envisioned by this Court in *Almanza*.[5]

Appellant now argues that the additional instructions that he suggested were made because "[t]rial attorneys often have to make judgment calls based on earlier rulings that did not go their way."[6]  True enough, but common sense suggests that if appellant thought that an earlier ruling did not go his way, he would surely have said so.  He did not.  Quite the reverse.  From all that one can glean from the record, he was fully supportive of the notion of submitting the lesser offenses of conspiracy to commit aggravated robbery and conspiracy to commit robbery.

With these comments, I join the majority opinion.

Filed: October 6, 2010
Publish

---

[5] *See id*. at 177 (Onion, P.J., concurring and dissenting).

[6] Appellant's Brief at 15.